DELGADO, APPELLANT, v. REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 313.—Decided July 2, 1917.

POSSESSORY TITLE—SUMMONS—SERVICE—RETURN—RECORD OF TITLE—DEFECTS.—
In every possessory title proceeding it is a necessary requisite that the original summons issued for the citation of the owners of the adjoining lands and the *fiscal* be shown to have been returned to the clerk's office, for only by an examination of the return on the writ can the court know whether these

persons were duly summoned. Section 92 of the Code of Civil Procedure, amended by Act No. 70 of 1911. Moreover, failure to state in the return on the writ that the person who made the services was not a party to the proceeding, and the place, day and hour where and when the services were made are defects which bar the admission of the proceeding to record.

Id.—Civil Status of Petitioner—Time of Possession—Ganancial Property—Record of Title.—Failure to state in the initial petition in a possessory title proceeding and in the testimony of the witnesses the time of the possession not only violates rules 4 and 5 of subsection 1 of article 391 of the Mortgage Law but also leaves it impossible to determine whether the property has the character of ganancial property with the first wife or was acquired while a widower. These circumstances should appear in the registry and it is not sufficient for the petitioner to allege that he bought the property while a widower and the witnesses to testify that the allegations of the petition are true.

Id.—Record of Title—Records of Other Properties—Documents not Presented—Appeal.—In recording or refusing to record an instrument the registrar should take into account only the documents presented to him and what appears from his books regarding the same property. He need not examine the records of other properties and the Supreme Court on appeal has not to consider documents which the registrar had not before him in passing upon the instrument.

Id.—Id.—Evidence—Findings of Fact—Curable Defect.—The fact that the proceeding sought to be recorded does not set out that the witness did not present documentary evidence of their being landowners is no ground for refusing to record the proceeding or even to assign a curable defect, because the witnesses having testified under oath that they were landowners and the court having expressed its belief of their testimony by approving the proceeding, that finding should be accepted by the registrar.

Id.—Id.—Civil Status—Ownership.—It is not necessary to set out in the petition in a possessory title proceeding the civil status of the former owner and vendor in order to show whether, being married, he made the sale with the consent of his wife—that is, that the petitioner acquired by title sufficient to pass the ownership—because as it is sought to prove and record only the possession, this is the fact which should be alleged and proved.

The facts are stated in the opinion.

*Mr. Carlos M. Rola* for the appellant.

The respondent did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

During his second marriage Asunción Delgado instituted proceedings in the Municipal Court of Fajardo to prove his possession of a lot which he purchased while a widower and of a house which he built thereon. An order approving the possessory title proceedings having been entered and the

original papers having been presented in the Registry of Property of Humacao, the registrar refused to record the same because of the following incurable defects:

(1) Because the record does not show that the original summons which the secretary of the municipal court should have issued by order of the court for the appearance of the owners of the adjoining properties and of the *fiscal* was returned to the said secretary, and because the return of service of the summons made by the attorney for the petitioner does not aver that he is not a party to the action, or state the place, day or hour where and when the summons was served.

(2) Because the petition does not show how long the petitioner had been in possession, so as to determine whether the property acquired should be deemed to belong to him or to the conjugal partnership formed by him and his first wife.

(3) Because the witnesses did not limit their testimony to the time of possession, nor did they prove their character of landowners by documentary evidence.

The registrar also assigned the following curable defects:

(1) Failure of the former owner to state his civil status so as to be able to ascertain whether, being married, he sold the property at the time with the express consent of his wife.

(2) Failure to include a copy of the final order certified by the secretary of the municipal court.

In raising the present appeal from the registrar's denial of the record Asunción Delgado has submitted also certain recorded instruments referring to another property owned by him.

In support of the first incurable defect the registrar cites in his decision section 92 of the Code of Civil Procedure, amended by Act No. 70 of 1911, which provides that the summons, whether served by the marshal or by any other person, must be returned to the office of the secretary from which it was issued with a certificate of its service endorsed on the

back. In this case the record of the possessory title sought
to be recorded does not contain the summons which the
secretary is required to issue for the appearance of the con-
tiguous owners and of the *fiscal,* an essential requirement;
for as we stated in *Torres & Ensenat* v. *Alfaro,* 24 P. R. R.
683, in view of this mandatory provision there is no doubt
that no matter who serves the summons it must be returned
to the office of the secretary of the court in the manner pre-
scribed by the statute, for only by an examination of the
return on the summons can it be determined whether the
summons was duly served and the court thus acquired juris-
diction of the person of the defendant. And this reasoning
is applicable to the present case, for it is by reference to the
summons and its return that the judge whose duty it is to
pass upon the possessory title proceedings can tell whether
the contiguous owners and the *fiscal* were duly summoned.

As to the other two grounds of the first incurable defect,
whereas the return on the summons included in the record
of the proceedings does not show that the person who served
it was not a party to the action, or the place, day or hour it
was served, all of which we held to be necessary in the case
of *Andino* v. *Knight,* 20 P. R. R. 185, in order that the service
of the summons may be deemed good because of compliance
with the statutory formalities, we must hold that the said
defects prevent the recording of the title.

The second and third defects are also properly assigned,
for inasmuch as rules 4 and 5 of subsection 3 of article 391 of
the Mortgage Law provide that the initial petition shall state
the time of the possession and that the witnesses shall limit
their statements to the fact that the person instituting the pro-
ceedings holds the property in his own name and the time
during which he may have had possession; and as the peti-
tion and testimony of the witnesses in this case do not con-
form to these provisions, there has been a violation of the
article and rules cited, and it becomes impossible to determine

whether the house and lot in question are to be considered as the property of the conjugal partnership of which the first wife was a member or the separate property of the widower, facts which should be shown in the registry. *Ramos v. The Registrar,* 18 P R. R. 16; IV Galindo and Escosura, 592, (4th ed.). According to the decision of the Directorate of Registries of May 18, 1877, failure to state the time of possession is a defect which prevents the record, and although in this case the petition states that Asunción Delgado purchased the lot while a widower and the witnesses testified to the truth of the statements made in the petition, this is not sufficient to comply with the statutory requirement as it does not determine the time of possession. The case of *Carillo* v. *The Registrar,* 21 P. R. R. 413, cited by the apellant in this connection, is not applicable, because in that case there was only one witness who failed to testify regarding the petitioner's possession. The appellant also claims that the assignment of those defects is due to the fact that the registrar overlooked the fact that the documents exhibited in the case had been recorded by him in his registry.

The said documents refer to another and different property and the registrar is only required to take into consideration at the time of recording or refusing to record titles the documents presented to him and what appears in his books regarding the same property; therefore he is not required to remember or examine the entries affecting a different property. Nor is this court, in deciding an appeal, required to consider documents which the registrar did not have before him when rendering his decision. However, aside from all this, the said documents show only that the mother of the first wife of the petitioner had renounced her rights as her daughter's heir and that such renunciation was recorded as to the other property of the appellant, a fact which forms no basis for determining whether the property which is the subject-matter of the possessory title proceedings be-

longs exclusively to Asunción Delgado, or to the conjugal partnership with his first wife.

The fact that the proceedings sought to be recorded do not show that the witnesses presented documentary evidence to prove their character of landowners is no ground for refusing to record the title, or even for assigning a curable defect, for the witnesses having stated under oath that they were landowners and the judge having given credence to their statements by approving the possessory title proceedings, the case of *Ramos* v. *The Registrar, supra,* and the citation therein of the decision of the General Directorate of Registries of Spain of March 8, 1892, based on the fact that the character and conditions of the witnesses who took part in a possessory title proceeding is submitted exclusively to the judge who directs the trial and admits as reliable the testimony of the said witnesses, for which purpose he may require them to produce documents deemed necessary by him to prove the facts determining their legal capacity, and when this is once established by the judge it should be respected by the registrar, are applicable.

Only one of the two defects assigned as curable has been appealed from; namely, the one based upon the failure to show the civil status of the vendor in order to determine whether, being married, he made the sale with the consent of his wife. This is not an essential requisite, for as it is only sought to prove and record the possession, this was what should have been alleged and proved, and it was not necessary to show that the property was acquired under title sufficient to transfer the ownership.

The decision appealed from should be affirmed in so far as consistent with this opinion.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.